The Judges pronounced their opinions.
JUDGE TUCKER.
The only question in this cause is, whether the deposition of one Philip Dick, taken in Philadelphia, by virtue of a commission from the County Court of Wythe, ought to have been read in evidence at the trial.
The act of 1792, 1 Rev. Code, c. 141, s. 13, authorizes the issuing of a commission directed to such Commissioners, not exceeding five, as shall be nominated and agreed -on by the parties litigant.
On the 15th of June, 1796, a commission was granted the defendant to take the deposition of Philip Dick ; and Benjamin Jones, William Kenner, and any three aldermen of the said city were to take the same by consent of the parties; and the same was granted the plaintiff.
On the 11th of July, 1797, by consent of the parties, it was ordered that a commission issue to any four aldermen of the city of Philadelphia, and William Kenner, for the same purpose. September 14, 1797, the cause was continued at the plaintiff’s costs, and, by consent of parties, an order was granted for new commissions to take depositions.
A commission was issued on the 23d of November, 1798, directed “to Reynold Keen, gentleman, alderman of the city of Philadelphia, and John Gibson, William Rogers, Robert Underwood, and David Denniston, (any three of whom to act if the whole cannot,) of the same city, greeting, &c.”
This commission does not conform to the consent order. 1st. The name of William Kenner is not in it. And, 2dly. It is not directed to John Gibson, and the other three as aldermen, nor do they appear to have been aldermen. Eor, although the order of the 11th of July, 1797, was not carried into effect before the next term, I consider the order of September 14 following, not as revoking, but, as extending the time for the execution of it: and, consequently, that the commission ought to have conformed to it.
*Again, the deposition is certified only by Reynold Keen, and not by any other of the Commissioner^, as it ought in my opinion. Both the commission, and the execution of it, being thus manifestly defective upon the face of them, the deposition ought not to have been read. The judgment, therefore, ought to be reversed; and a new trial awarded, with directions not to permit the deposition to be read on such trial.
JUDGE ROANE.
Several objections have been made to the reception of the deposition stated in the bill of exceptions. It is first said, that there is no proof that W. Jones was the agent of the appellant; without which, it is also alleged, the deposition could not properly have been taken on the day and at the place in which it was taken. Several answers occur to this objection. In the first place, I apprehend that the Commissioners, by their own mere authority, could have adjourned the taking of the deposition to any other convenient time and place, in the event that the business could not readily have been finished., on the day and at the place to which the notice applied. In the next place, if it were necessary, and the execution of the commission were in other respects regular, I would presume that W. Jones was constituted by the appellant his agent, for the purpose of taking the deposition; I would presume this, because P. Dick was considered by the appellant himself as a material witness for him, as appears by the orders for commissions, granted at his instance, on the 15th of June, 1796, and 12th of August, 1800, and it is natural to suppose, that a man would appoint an agent to attend to the examination of a material witness: I would also easily presume that W. Jones was this agent, because (in addition to other considerations) a confidence in him may be in some degree inferred, on the part of the appellant, from his having considered him also as a material witness; having included him in the order for a commission of the 12th of August, 1800.
*Another objection (if I understood the counsel rightly) was, that there was a variance between the order for the commission, and the commission itself, in *102 this, that the former requires the latter to be directed to five aldermen, any three of whom are authorized to act, whereas it does not appear by the commission, or return, that more than one of the persons, to whom the commission under which the deposition was taken, was an alderman. That objection of variance applies, it is true, to the order of 12th of August, 1800; but it was not under that order that the commission issued, but under that of 14th September, 1797, as appears by the date of the commission itself, it being the 23d November, 1798; and it does not appear that that order of 14th September 1797, made aider-men indispensable, as Commissioners; and, as the arrangement for the commission was by consent of parties, there is no ground to say that the commission in question is in this respect objectionable. I consider this order of 14th September, 1797, and not those of a prior date, as the one under which the deposition was taken; and that the former commissions were superseded by the latter, by which alqne we are to be governed.
I should, therefore, readily get over all these objections: but this commission is not returned as executed by more than one out of five Commissioners, contrary as well to the tenor of the commission itself, as to the general principles of law in relation to authorities. See 1 Bac. Abr. 319, (Gwill. edit.) and the cases there cited. It might be of dangerous consequence to sanction such a return as this; which would be as properly done in the case of twenty Commissioners as of five, and thus one dishonourable character might abuse his trust to the injury of the parties, and in opposition to the precautions they have taken to require the concurrence of a majority. The terms of this commission, which is directed to five by name, (any three of whom are, however, empowered to act,) in using the word “you” and omitting to use the expression “any of you,” are very emphatical to import, that the trust was 253 ^confided to, and can only be executed (which includes the return) by, the whole number, or, at least, the majority thereof. If this objection had never been taken in the Court below, or even if we were now considering it upon the first bill of exceptions, (and no previous notice of the objection on the part of the appellant had been given,) I will not determine that the objection ought to prevail: but the case is widely different at the present time. We are now acting upon the bill of exceptions exhibited on the 15th of April, 1801, when the case was on trial before the fifth Jury. The objection in question was not then taken for the first time: it had been taken on the 1st of April, 1799, and on the 13th of November, 1800, as appears by the several bills of exceptions of those periods. On the 12th of August, 1800, the appellant also obtained an order for taking Dick’s deposition, which shewed he was not satisfied with the one formerly rendered. All these facts and circumstances shew an early and constant objection, on the part of the appellant, to the deposition in question: the appellee cannot, therefore, complain of surprise, and the case now comes before us as it would in relation to a first trial, if notice that the objection would be made had been previously and formally given. The principles of law must therefore prevail; and the appellee having deliberately stated his right to recover upon this, as an abstract question, he must submit to a decision upon it accordingly.
My opinion therefore is, that the judgment of the County Court is erroneous, in having admitted the deposition in question to go to the Jury, and that the judgment of the District Court affirming it is also erroneous; that both ought to be reversed, and a new trial awarded, in which the said deposition is not to be admitted in evidence.
JUDGE FLEMING.
The only important point in this cause is, whether the deposition of Philip Dick, taken in the city of Philadelphia, and read at the trial of the cause in the County Court, was legal evidence or not?
*The exceptions taken by the counsel of the defendant (the present appellant) were, 1st. That the commission under which the deposition was taken was directed to five Commissioners, any three of whom might act; and it was subscribed, and from the face thereof appeared, as he contended, executed by one only.
2dly. That it was not taken at the time and place mentioned in the notice. And, 3dly. That by no evidence other than the deposition itself, did it now appear that William Jones was the agent of the defendant, or had authority, either express or implied, to consent to the postponement until the 21st of December, 1798, and to a different place. No exception whatever has been taken by counsel with respect to the legality of the commission, in either of the Courts in which the cause has been discussed. But a Judge of this Court, for whose opinions I have the highest respect, seems to think that the commission itself is too defective, in law, to authorize the taking of any deposition in virtue of it: but, being of a different opinion, I must first refer to the act of Assembly on the subject, and then notice some of the orders that had been made in the cause, previous to the date of the commission.
The mode pointed out, by the 13th section of the act of 1792, 1 Rev. Code, c. 141, for taking the depositions of witnesses residing out of the state, seems, in part, superseded, in the case before us, by the appearance and consent of the parties in Court; both of whom seem to have relied on the testimony of Philip Dick, whose deposition is now the subject of controversy.
On the 15th of June, 1796, a commission was granted to the defendant to take the deposition of Philip Dick, of the city of Philadelphia; and Benjamin Jones, William. Kenner, and three aldermen of the said city to take the same, by consent of the parties; “and the same is granted to-the plaintiff.”
That commission not having been executed, on the 11th of July, 1797, by consent of the parties, it was ordered, 255 *that a commission issue to any four aldermen of the city of Philadelphia, and William Kenner, to take the deposition of Philip Dick of said city. It does not appear whether a commission ever issued *103 by virtue of that order; and if one did issue, it was not executed: as on the 14th of September, about two months thereafter, by consent of the parties, an order was granted for new commissions to take depositions: from whence I infer that the parties found it convenient to change the Commissioners, whether on the death of William Kenner, (the only one specially named in the order of July,) or from any other cause, seems immaterial, as the change was made by consent of the parties. In the commission issued in consequence of the order of the 14th of September, and by virtue of which the deposition was taken, five Commissioners were specially named, to wit, Reynold Keen, alderman of the city of Philadelphia, John Gibson, William Rogers, Robert Underwood, and David Dennistoa, any three of whom to act, if the whole could not. And it appears that the four first named were present at the taking of the deposition, though certified by Keen, the alderman, only. I have no doubt but the commission issued conformably to the order, though no commissioners are named therein. 1st. Because I will presume that the Clerk did his duty, unless the contrary had appeared ; 2dly. Because I cannot suppose the clerk, at the distance of four or five hundred miles from Philadelphia, where he was, probably, an utter stranger, could have so particularly inserted the names of five Commissioners, unless they had been chosen and designated by the parties themselves. And, 3dly. Had the commission not have been issued in conformity to the order, the error would not have escaped the vigilance and notice of Mr. Sheffy, the eagle-eyed counsel of the appellant, who seems to have availed his client of every advantage he supposed the law would allow him. I am therefore of opinion, that the commission was of sufficient validity to authorize the taking the 256 deposition *under it. I proceed to consider the exceptions taken to the deposition.
With respect to the first objection, “that the commission was directed to five Commissioners, any three of them to execute, and it was subscribed, and from the face thereof (as he contended) appeared executed by one only.” This is the only point on which I had any doubt, but, on mature reflection, after carefully attending to the deposition, and the return thereof, my doubt is removed. It appears to have been taken in the presence of four Commissioners, (when three would have sufficed,) and of Jones, the agent of the appellant, with great attention, skill, and circumspection. After the witness had gone through his plain, simple narrative, every pertinent interrogatory that an acute attorney could have suggested seems to have been put to him; all of which he answered with apparent candour and perspicuity. The deposition itself seems one of the most unexceptionable that I ever heard read in a Court of Justice. But “it was subscribed by one Commissioner only.” That I take to be the usual mode of making returns on commissions of this nature, executed in Philadelphia : which seems to me rather a matter of form than of substance, and ought not, in my apprehension, to vitiate a deposition so unexceptionable in every other respect; and appearing to have been taken by the whole four Commissioners, who, by the commission, were directed “to cause to come before them Philip Dick, and him diligently examine, in solemn form, on oath, or affirmation, and having received his examination aforesaid, that they plainly send the same enclosed into our said County Court of Wythe.” The commission did not require that the deposition should be subscribed by all the Commissioners: but that it should be diligently taken by them, and sent into the Court from whence the commission issued; which appears to me to have been substantially and completely done. On trials by Jury, even in cases of life and death, the verdicts are subscribed only by the foremen, in behalf of the other Jurors.
*The second objection is, “that it was not taken at the time and place mentioned in the notice.” It appears that the Commissioners met a.t the time and place therein mentioned; and if the appellant had not appeared, either in person, or by agent, they might have proceeded to execute the commission in his absence. He did not appear in person, and their receiving Jones as his agent did not place him in a worse situation than ne would have been in without an agent: Jones (having been received as such) had a right to consent, and did consent, (probably in the absence of the witness,) to postpone the business for two days, and then, for greater convenience, to meet at the office of alderman Keen, the first named Commissioner, where the commission was executed in the manner before noticed, in the presence of Jones, the agent, and by the same four Commissioners.
The third objection is, ‘ ‘that by no evidence, other than the deposition itself, did it now appear that William Jones was the agent of the defendant, or had authority, either express or implied, to consent to the postponement until the 21st of December, 1798, and to a different place.” To this it may be answered, that there is evidence in the record that the appellant confessed he had appointed a certain William Jones his agent, to attend to the taking of Philip Dick’s deposition; and, if he was his agent for that purpose, he had a right to consent to any thing, and every thing, relative to the business, that the appellant might have consented to, had he been personally present.
I am therefore of opinion, that the deposition was properly admitted as evidence on the trial, and that the judgment ought to be affirmed;
But, as a majority of the Court is of a different opinion, the judgment is reversed, and the cause remanded to the Superior County Court of Wythe, for a new trial to be had therein, on which trial the deposition of Philip Dick, read at the former trial, is not to go in evidence to (he Jury.